**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. CR 21-0879 RB

EDWARD GRANT,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**BEFORE THE COURT** is Mr. Grant's pro se Motion for Sentence Reduction, in which Mr. Grant argues his 40-month sentence should be reduced under Amendment 821 to the United States Sentencing Guidelines. (Doc. 44.) *See* U.S. SENT'G GUIDELINES MANUAL § 4A1.1(e) (U.S. SENT'G COMM'N 2023) (USSG). Mr. Grant also asks the Court to appoint counsel for him. (Doc. 44.) The United States filed a response opposing the Motion. (Doc. 46.) Mr. Grant did not file a reply. Having reviewed the parties' arguments, the record, and the applicable law, the Court finds it lacks jurisdiction to modify Mr. Grant's sentence and his Motion is DISMISSED. Mr. Grant's request for appointment of counsel is DENIED as moot.

**I.    BACKGROUND**

In June 2020, Mr. Grant was serving sentences in two state cases. (Doc. 34 at 1 (citing *New Mexico v. Grant*, Case No. D-619-CR-201900197 and D-619-CR-201900208).) In June 2021, an Indictment was filed in this Court charging Mr. Grant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). (*Id.* at 3.) The United States and Mr. Grant entered into a Plea Agreement, in which Mr. Grant agreed to plead guilty to the charge in the Indictment. (*Id.*; Doc. 29.) The parties agreed that the maximum sentence was 120 months

and that the United States would move the Court to reduce the offense level by one for timely notifying it of his intention to enter a plea of guilty. (*Id.* at 2, 5.) *See* § 3E1.1(b).

Before sentencing, the United States Probation Office (USPO) prepared a Presentence Report stating Mr. Grant's base offense level was 14[1] and, after a two-level increase for possessing a stolen firearm, a four-level increase for using or possessing a firearm in connection with another felony offense, and a three-level decrease for acceptance of responsibility, his total offense level was 17. (Doc. 34 at 5–6.) The USPO calculated 13 criminal history points and, because Mr. Grant was on supervised release at the time of his arrest, added two "status points" for a total of 15 criminal history points. (*Id.* at 9 (citing § 4A1.1(d) (pre-Amendment 821)).) Mr. Grant's criminal history category was therefore VI. (*Id.* at 10.) An offense level of 17 and criminal history category of VI equated to a Guidelines range of 51 to 63 months. (*Id.* at 16.) *See* USSG Chap. 5, Part A.

In May 2022, the Court sentenced Mr. Grant to 40 months incarceration. (Doc. 40 at 2.) In its Statement of Reasons, the Court noted that the sentence was a variance from the Guidelines range of 51 to 63 months. (Statement of Reasons, § IV.) Since Mr. Grant was sentenced, Congress amended the Sentencing Guidelines to modify the way "status points" are assessed for certain offenses and the offense level calculation for defendants with no criminal history points. *Compare* § 4A1.1(d)(pre-amendment) *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918, *28270 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1. Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Mr. Grant now asks the Court to reduce his sentence under Amendment 821. (Doc. 44.) The Federal Public Defender's Office (the FPD's Office) reviewed his Motion "for sentence reduction eligibility under" Amendment 821 but declined to file a motion on his behalf. (Doc. 47.)

---

[1] The USPO used the 2021 Guidelines Manual to determine Mr. Grant's offense level and criminal history category. (Doc. 34 at 5.)

2

*See In the Matter of: 2023 Amendment to United States Sentencing Guidelines*, Administrative Order 23-mc-00004-22 (D.N.M. Nov. 17, 2023).

## II. LEGAL STANDARDS

### A. Sentence Modifications under 18 U.S.C. § 3582

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Sentence reductions fall "within the district court's discretion." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012) (quoting *United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir. 1996)). However, the Sentencing Guidelines require that "any such reduction in the defendant's term of imprisonment shall be consistent with" the USSG policy statements. § 1B1.10(a)(1). Those policy statements require courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range for the range applicable when the defendant was sentenced and to "leave all other guidelines application decisions unaffected." § 1B1.10(b)(1). "Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the [applicable] factors set forth in'" § 3553(a). *Dillon*, 560 U.S. at 822 (quoting § 3582(c)(2)). "Except in limited circumstances, however," a court may not reduce a sentence "to a term that is less than the minimum of the amended" Guidelines range. *Id.* (quoting § 1B1.10(b)(2)(A)).

Under § 3553, courts must consider, as applicable, "the nature and circumstances of the offense and the history and characteristics of the defendant;" and whether the sentence imposed "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense," "afford[s] adequate deterrence to criminal conduct," and "protect[s] the public from further crimes of the defendant . . . ." § 3553(a)(1), (2)(A)–(C). In addition, courts consider the sentencing range under the Guidelines and the Sentencing Guidelines' policy statements. § 3553(a)(4), (5). Finally, courts consider the "kinds of sentences available, . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . . and the need to provide restitution to any victims of the offense." § 3553(a)(3), (6), (7). "[A]n ameliorative amendment to the Guidelines in no way creates a *right* to sentence reduction." *Osborn*, 679 F.3d at 1196.

"[T]here is no constitutional right to counsel to aid in a defendant's request for" a sentence reduction. *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021); *see also Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]"); *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (unpublished) ("No right to counsel extends to a § 3582(c)(2) motion.").

**B. Amendment 821**

Before Amendment 821, Section 4A1.1 required the addition of two "status points" to a defendant's criminal history point total when the instant offense was committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-

4

01, 2023 WL 3199918, *28270; § 4A1.1(e). For instance, a person who has seven or more criminal history points now receives only one status point for applicable offenses, instead of two. § 4A1.1(e). In addition, a person with six or fewer criminal history points now receives no status points for such offenses. *Id.* In addition, Amendment 821 Part B added a new section to the USSG providing that courts may reduce the offense levels by two for offenders who have zero criminal history points and meet specified additional criteria. § 4C1.1(a); U.S. SENT'G GUIDELINES MANUAL app. C Supp.(U.S. SENT'G COMM'N 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1) (stating that "the court may reduce the defendant's term of imprisonment" if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . ."). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court

considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type–C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

### III. DISCUSSION

Mr. Grant is not eligible for a sentence reduction under Part A because the applicable Guidelines range would not change even if one status point was subtracted. Mr. Grant had 13 criminal history points, to which two status points were added, for a total of 15. (Doc. 34 at 9–10.) Because he had more than seven points, applying Part A would eliminate one status point, lowering his total score to 14. § 4A1.1(e). However, a criminal history score of 14 still falls within criminal history category VI. *See* USSG Chap. 5, Part A. And, just as at sentencing, an offense level of 17 and criminal history category VI results in a Guidelines range of 51 to 63 months. *Id.* (*See* Doc. 34 at 16.) Amendment 821 does not allow for a sentence reduction if the defendant's Guidelines range does not change after the status points are reduced or removed. *See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (a sentence reduction is not authorized if applying the amendment does not "have the effect of lowering the defendant's applicable guideline range" (quoting § 1B1.10(a)(2)(B))). Moreover, Mr. Grant's current sentence is already lower than the low end of the Guidelines range and the Court is not authorized to reduce his sentence "to a term that is less than the minimum of the amended guideline range . . . ." § 1B1.10(b)(2)(A). (*See* Doc. 40 at 2.) Mr. Grant is also not eligible for relief under Part B because he had more than zero criminal history points. *See* § 4C1.1(a)(1).

The Court will deny as moot Mr. Grant's request for appointment of counsel for two reasons. First, the request is moot because the Court lacks jurisdiction over Mr. Grant's Motion. Second, Mr. Grant argues that, "[p]ursuant to 18 U.S.C. § 3006A, the [FPD's o]ffice can represent all inmates potentially eligible for sentence reduction under Amendment 821." (Doc. 44 at 2.) But the FPD's office reviewed Mr. Grant's *pro se* Motion and declined to file a motion on his behalf. (Doc. 47.) *See* Administrative Order 23-mc-00004-22. Mr. Grant's request for the FPD's assistance is therefore moot.

### IV.    CONCLUSION

The Court finds Mr. Grant is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his Motion. In addition, Mr. Grant's request for appointment of counsel is moot.

**IT IS THEREFORE ORDERED** that Mr. Grant's Motion for Sentence Reduction (Doc. 44) is **DISMISSED** and his request for appointment of counsel is **DENIED** as moot.

_____
ROBERT C. BRACK
SENIOR UNITED STATES DISTRICT JUDGE

7